[Cite as *State ex rel. Angelo Benedetti, Inc. v. Indus. Comm.*, 129 Ohio St.3d 470, 2011-Ohio-4131.]

THE STATE EX REL. ANGELO BENEDETTI, INC., APPELLANT, *v.* INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Angelo Benedetti, Inc. v. Indus. Comm.*,

**129 Ohio St.3d 470, 2011-Ohio-4131.]**

*Workers' compensation — Ohio Adm.Code 4121-3-20(C) — Amendment of*
*application for additional award of compensation — Enumeration of*
*safety-code sections.*

(No. 2007-0619 — Submitted April 5, 2011 — Decided August 24, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 06AP-165.

_____

**Per Curiam**.

{¶ 1} Appellee Industrial Commission of Ohio found that appellant, Angelo Benedetti, Inc. ("ABI"), violated two specific safety requirements that resulted in injury to an ABI employee. ABI challenges that determination.

{¶ 2} ABI is an asphalt-recycling company that uses old asphalt to repave roads. To accomplish this, existing asphalt is first heated and scraped off the roadway. The liquid asphalt must then be reconditioned by adding to it both gravel and a chemical agent.

{¶ 3} Reconditioning is done on site in a drum-mixer recycling machine that ABI designed. The gravel needed for this procedure is kept in a large hopper at the front of the machine and is distributed by two internal augers. The hopper must be emptied at the completion of every job in order to move the recycling machine to the next assignment. One way to do this, according to testimony, was to have a worker climb into the hopper and shovel out the stone. This method was apparently necessary if the level of gravel dropped below a certain point or became wet, or an auger jammed.

**{¶ 4}** On August 5, 1998, appellee Heath Jessop was told to clean out the hopper. When Jessop entered the hopper, the augers were moving slowly. Jessop's foreman, Amos S. Hostetter, told him to slow the auger way down, to watch his feet, and to be careful."

**{¶ 5}** Unfortunately, years earlier, a screen grating above the augers had been removed to prevent gravel from getting clogged. This exposed the augers to contact, and when Jessop slipped, his left leg became entangled. Among other serious injuries, Jessop's left leg was amputated above the knee.

**{¶ 6}** In August 2000, Jessop filed with the commission an application for additional compensation, claiming that his injury was the result of numerous specific safety requirement violations ("VSSRs") committed by ABI. The application form asked for both a description of the accident and an enumeration of the specific safety-code sections allegedly breached. Jessop answered the former as follows: "I was cleaning out gravel tank and I slipped and fell into [an] Auger * * *." He then listed the safety violations as "[Ohio Adm.Code] 4121:1-3-06 all sections; 4121:1-3-03(E) all sections; 4121:1-3-03(J) all sections; 4121:1-3-03(K) all sections. The claimant cites herein any code section the employer has reasonable notice of. The claimant cites any previously existing code section."

**{¶ 7}** After years of delay attributable to other litigation arising from the accident, Jessop's application was heard by a commission staff hearing officer on August 15, 2005. A few days prior to the hearing, Jessop moved to amend his application to allege a violation of former Ohio Adm.Code 4121:1-3-05(D)(1)(b), 1979-1980 Ohio Monthly Record 4-34 to 4-35, effective November 1, 1979 ("The auger of screw conveyors shall be operated with the covers secured in place"), and 4121:1-3-05(G)(1), 1979-1980 Ohio Monthly Record 4-35, effective November 1, 1979 ("A stopping device shall be provided * * * within easy reach of the operator * * *"). ABI objected to the request to amend as untimely.

**{¶ 8}** The staff hearing officer conceded in her order that the amendment was "well outside the time guidelines for amending an application under [Ohio

Adm.Code] 4121-3-20[C](1)(a) [and] (b)." She nevertheless allowed the amendment after finding that it did not raise new claims but merely clarified those raised in Jessop's initial VSSR application.

{¶ 9} Turning to the merits of the newly clarified violations, the staff hearing officer found that the auger was not covered as Ohio Adm.Code 4121:1-3-05(D)(1)(b) required. She also concluded that Ohio Adm.Code 4121:1-3-05(G)(1) required an emergency shutoff accessible to Jessop from his position inside the hopper and that one was not there. Violations of both sections were found and an award was made in Jessop's favor. Further rehearing was denied.

{¶ 10} ABI filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in both permitting Jessop to amend his VSSR application and in finding violations of the two specific safety requirements. The court of appeals upheld the commission's order and denied the writ, prompting ABI's appeal as of right to this court.

{¶ 11} Upon review, we agree with the reasoning provided by the court of appeals. For the reasons given in that opinion, we hereby affirm its judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Leonard F. Carr and L. Bryan Carr, for appellant.

Philip J. Fulton Law Office and David B. Barnhart, for appellee Heath Jessop.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____